IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVEN MONTRAIL TRIPLET, )
                                )
     **Plaintiff,**                 )
                                )
v.                                   )   Case No. CIV-24-659-JD
                                )
**VAN NINH, et al.,**             )
                                )
     **Defendants.**          )

## REPORT AND RECOMMENDATION

Steven Montrail Triplet (Plaintiff), a state pretrial detainee appearing in this Court pro se, seeks civil rights relief under 42 U.S.C. § 1983. Docs. 6, 10.[1] United States District Judge Jodi W. Dishman has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Plaintiff claims state officials violated his constitutional rights during an encounter at his home and during his subsequent arrest and criminal charges. Doc. 10, at 5-12. He seeks injunctive relief and a declaratory judgment, as well as monetary relief and for the officers involved to be arrested. *Id.*[2] The undersigned recommends the Court abstain

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Apart from alterations to capitalization, quotations are verbatim unless indicated.

[2] Before the Court is Plaintiff's amended complaint, Doc. 10, which serves as the operative complaint. *See, e.g.*, *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended complaint ordinarily

from exercising jurisdiction over Plaintiff's amended complaint under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

## I. Screening.

Federal law requires the Court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

---

supersedes the original and renders it of no legal effect." (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).

## II. Background and Plaintiff's claims.

Plaintiff was charged with one count of child neglect and one count of domestic abuse in the presence of a minor, both felony charges. *State v. Triplet*, No. CF-2024-552, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2024-552&cmid=4278674 (last visited Aug. 23, 2024); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (exercising "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). That prosecution is ongoing, and a formal arraignment is currently scheduled for September 18, 2024. *Triplet*, Docket Entry dated Aug. 16, 2024.

## III. Plaintiff's amended complaint.

Plaintiff sues Midwest City Police Officers Van Ninh, Kyle Croft, Jacob Embery, and B. Fisher, as well as the City of Midwest City and the Midwest City Police Department. Doc. 10, at 1, 3-4, 7.

Liberally construing the amended complaint, Plaintiff's claims arise from police officers' arriving at his home in the middle of the night. *Id.* at 5-6. Plaintiff was arrested (and later charged) based on an arrest warrant

supported by Defendant Ninh's affidavit to the Oklahoma County District Court, which Plaintiff alleges was false. *Id.* at 7-8.

Plaintiff first claims Defendants Ninh and Croft violated his Fourth Amendment rights when they unlawfully broke into his apartment and endangered his one-year-old child. *Id.* at 5-6. Plaintiff next claims that Defendants Ninh, Embery, and Fisher violated his Fourth Amendment rights when they illegally broke into his home and Defendant Ninh later submitted a false affidavit seeking a warrant that resulted in his arrest. *Id.* at 6-8.

Plaintiff next claims Defendants Embery and Ninh violated his Fourteenth Amendment rights when the "Oklahoma County District Attorney's Office filed charges using the false affidavits." *Id.* at 8. Plaintiff next claims Defendants Ninh and Embery violated his First Amendment free speech rights, alleging Defendant Embery submitted a false affidavit "stating he identified [his] family's car by tag number at 11:00 p.m., but has no evidence" and that "[h]aving [P]laintiff put in jail was an attempt to keep him from telling the truth." *Id.* at 9. Finally, Plaintiff claims Defendants Croft and Ninh, as well as the Midwest City Police Department, violated his Fourteenth Amendment due process and equal protection rights by "refusing to turn

4

valu[]able evidence over in the charges that [] [P]laintiff is currently held in custody for." *Id.* at 11.

## IV. Analysis.

### A. The *Younger* doctrine requires this Court's abstention.

"*Younger* is a doctrine of abstention." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 n.32 (10th Cir. 2023) (quoting *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013)). "An abstention doctrine is one under which a District Court may decline to exercise or postpone the exercise of its jurisdiction." *Id.* (quoting *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1231). Because Plaintiff's criminal prosecution is pending in the Oklahoma County District Court, this Court should postpone the exercise of jurisdiction over this matter.[3] *See id.* at 522 ("In exceptional circumstances, . . . abstention doctrines may . . . permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005))).

---

[3] The Court "may raise the issue of abstention *sua sponte*." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1231.

"Congress has . . . manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. So, "a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669-70 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). One instance is an ongoing state criminal prosecution. *Graff*, 65 F.4th at 522 (recognizing three categories of state cases to which *Younger* abstention applies: "(1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions" (quoting *Elna Sefcovic*, 953 F.3d at 670)).

Plaintiff's claims implicate the validity of the State of Oklahoma's criminal case against him. But if there is an ongoing state proceeding that provides Plaintiff with an adequate opportunity to raise his relevant federal claims and the state proceedings implicate an important state interest, then *Younger* requires this Court to abstain. *See id.* at 523 ("*Younger* abstention is required when three conditions are satisfied. First, the relevant state court

proceeding must be ongoing. Second, the state forum must provide an adequate opportunity to raise the relevant federal claims. Third, an important state interest must be present. Once these requirements have been met, *Younger* abstention dictates that federal courts not interfere." (internal quotation marks and citations omitted)).

Plaintiff admits that the state criminal proceeding against him is ongoing. *See* Doc. 10, at 11. So, the first condition is met.

As to the second inquiry, Plaintiff has not shown that the state court is an inadequate forum to hear his constitutional challenges bearing on the validity of Defendants' arrest warrant and the sufficiency of the evidence against him. *See, e.g.*, *Perez v. Ledesma*, 401 U.S. 82, 84 (1971) ("The propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals."); *see also Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (explaining that "'unless state law clearly bars the interposition of the federal statutory and constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court'" (quoting *Crown Point I, LLC v. Intermountain Rural*

7

*Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003))).[4] "And when constitutional challenges impact state proceedings, as they do here, 'proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.'" *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (quoting *Pennzoil Co. v. Texaco*, 481 U.S. 1, 14 (1987)).

As to the third condition, the State of Oklahoma necessarily has an important interest in prosecuting crimes that have allegedly occurred within its jurisdiction. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) (recognizing that "state control over criminal justice" is "a lynchpin in the unique balance of interests" of federalism); *see also Wilson v. Morrissey*, 527 F. App'x 742, 744 (10th Cir. 2013) ("[W]e have long recognized that the prosecution of crimes occurring within its jurisdiction is an important state interest.").

---

[4] Aside from possible relief by the state district court, the Oklahoma Court of Criminal Appeals "may entertain certain extraordinary writs which arise out of criminal matters." Rule 10.1(A), Rules of the Okla. Ct. Crim. App., OKLA. STAT. tit. 22, Ch. 18, App. And if Plaintiff is convicted, he may raise any federal constitutional claims on direct appeal or by application for post-conviction relief. OKLA. STAT. tit. 22, §§ 1051, 1080.

### B. Plaintiff has not demonstrated an exception to *Younger* abstention.

Because all three conditions are satisfied, this Court should abstain unless Plaintiff meets his heavy burden of demonstrating an exception to *Younger* abstention. "[A] federal plaintiff may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown . . . .'" *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quoting *Perez*, 401 U.S. at 85). "[M]ere allegations of bad faith or harassment," however, will not suffice. *Id.*

The Court considers three factors "in determining whether a prosecution is commenced in bad faith or to harass: (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions." *Phelps*, 122 F.3d at 889. In his fourth claim, Plaintiff states Defendants started an unlawful arrest against him to prevent him from telling the truth about the

9

events of January 24, 2024. Doc. 10, at 9. In his fifth claim, he alleges that "[t]he officers also threaten[ed] [Ms. Rogers] that if the truth was told they would arrest her then have our kids placed in (DHS) custody." *Id.* at 11. But because Plaintiff offers only allegations, they are more properly addressed by an appeal or writ within the state court system. *See Schwab v. Kansas*, 691 F. App'x 511, 514-15 (10th Cir. 2017) (affirming district court's decision to apply *Younger* and deny the plaintiffs' request for preliminary injunction because the plaintiffs provided no evidence of bad faith or harassment to meet their burden to show an exception to *Younger* applied). Plaintiff thus establishes no *Younger* exception applies to his claims.

Relatedly, *Younger* abstention is also required here because "federal courts should not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when a state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) (internal quotation marks omitted). This refusal to exercise federal jurisdiction is based on the desire to "avoid undue interference with states' conduct of their own affairs." *J.B. ex rel. Hart v. Valdez,* 186 F.3d 1280, 1291 (10th Cir. 1999) (quoting

10

*Seneca-Cayuga Tribe v. Oklahoma,* 874 F.2d 709, 711 (10th Cir. 1989)). So, the undersigned recommends the Court stay this matter pending final resolution of the state criminal proceeding against Plaintiff.

## V.     Recommendation and notice of right to object.

The undersigned recommends the Court abstain from exercising jurisdiction over this matter until the State of Oklahoma resolves its criminal prosecution against Plaintiff.[5]

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 19, 2024, under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

---

[5]     Plaintiff also moves to add Midwest City Police Department Officer Bill Fisher as a Defendant, alleging his involvement in the underlying incident. Doc. 11. The undersigned recommends the Court deny Plaintiff's motion as moot.

11

**ENTERED** this 29th day of August, 2024.

                                                        _____
                                                        SUZANNE MITCHELL
                                                        UNITED STATES MAGISTRATE JUDGE