IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN MONTRAIL TRIPLET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-00659-JD |
| | ) |
| VAN NINH, individual and official capacities as Officer #219; KYLE CROFT, individual and official capacities as Sergeant #88; JACOB EMBERY, individual and official capacities, as Midwest City Police Officer #0002; CITY OF MIDWEST CITY; and MIDWEST POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell on August 29, 2024. [Doc. No. 12]. Judge Mitchell recommends that the Court abstain from exercising jurisdiction over Plaintiff Steven Montrail Triplet's amended complaint [Doc. No. 10] pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). [Doc. No. 12 at 1–2]. Judge Mitchell also recommends that the Court deny as moot Triplet's motion [Doc. No. 11] requesting to add Midwest City Police Department Officer Bill Fisher as a defendant. [Doc. No. 12 at 11 n.5].

Judge Mitchell advised Triplet of his right to object to the Report and Recommendation by September 19, 2024. *Id.* at 11. Triplet filed a timely objection [Doc.

No. 13].[1] For the following reasons, and upon its de novo review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court accepts the Report and Recommendation as modified by this Order.

I.    **BACKGROUND**

Triplet brings this action for declaratory, injunctive, and monetary relief under 28 U.S.C. § 1983, alleging that various Midwest City police officers, the City of Midwest City, and the Midwest City Police Department violated his rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. [Doc. No. 10 at 5–12]. Specifically, Triplet alleges that officers violated the Fourth Amendment by unlawfully breaking into his apartment to arrest him in the middle of the night. *Id.* at 5–6. Then, Triplet claims, Officer Van Ninh submitted a false affidavit seeking a warrant that led to Triplet's arrest. *Id.* at 7. Triplet alleges that the officers violated the Fourteenth Amendment when the "Oklahoma County District Attorney's Office filed charges using the false affidavits." *Id.* at 8. Triplet also claims that Officer Jacob Embery violated the First Amendment by submitting a false affidavit "stating he identified [Triplet's] family's car by tag number at 11:00 p.m., but has no evidence," as "an attempt to keep [Triplet] from telling the truth" by putting him in jail. *Id.* at 9. Lastly, Triplet alleges that the officers and police department violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment by "refusing to turn valu[]able evidence over in the charges

---

[1] The Court deems the objection filed on the day Mr. Triplet gave it to prison authorities for mailing. *Price v. Philpot*, 420 F.3d 1158, 1164 n.4 (10th Cir. 2005) (citing *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam)). Mr. Triplet mailed his objection on September 15, 2021, and it was received and filed on September 24, 2024.

that the plaintiff is currently held in custody for." *Id.* at 11.

The events giving rise to Triplet's § 1983 claim also led to the state of Oklahoma charging Triplet with two felonies: one count of child neglect and one count of domestic abuse in the presence of a minor.[2] That prosecution is ongoing, and a formal arraignment is currently scheduled for December 3, 2024.

Because of Triplet's pending state prosecution, Judge Mitchell recommends abstaining from exercising jurisdiction under the *Younger* doctrine. [Doc. No. 12 at 5–8]. In his objection, Triplet apparently concedes that the *Younger* doctrine applies, but he argues that he "qualifies for the exception to the [Y]ounger doctrine" because his "prosecution [was] commenced in bad faith or to harass." [Doc. No. 13 at 3].

**II.   ANALYSIS**

The *Younger* abstention doctrine is rooted in fundamental notions of comity and federalism that motivate a "longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. Given "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S.

---

[2] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Accordingly, the Court takes judicial notice of Triplet's pending state-court proceeding, *State v. Triplet*, No. CF-2024-552 (Okla. Cnty., Okla.).

350, 368 (1989) [hereinafter *NOPSI*]. Such "exceptional circumstances" exist in "three types of proceedings": (1) "ongoing state criminal prosecutions," (2) "certain 'civil enforcement proceedings,'" and (3) "pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting *NOPSI*, 491 U.S. at 368).

Before invoking *Younger* abstention, the Court will consider three additional, non-dispositive factors. Namely, whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Id.* Further, "claims for declaratory relief and injunctive relief are subject to outright dismissal." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023)

Here, Triplet does not dispute that the *Younger* doctrine applies. There is an ongoing state criminal proceeding, there is no evidence that Oklahoma law would prevent him from raising his constitutional claims in that proceeding, and the state of Oklahoma has an interest in prosecuting crimes that allegedly occurred within the state. Therefore, the Court must abstain from exercising jurisdiction unless Triplet can show that one of

three narrow exceptions to *Younger* applies.

Courts will not abstain under *Younger* when the ongoing state proceeding "was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995) [hereinafter *Phelps I*] (quoting *Younger*, 401 U.S. at 53–54). Triplet does not challenge the constitutionality of a statute, and he does not point to any extraordinary circumstances that pose a threat of irreparable injury. He argues only that the state prosecution against him was commenced in bad faith and to harass him.

Courts consider three factors to determine whether a prosecution was commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) [hereinafter *Phelps II*]. "These factors are important," the Tenth Circuit has explained, "because the cost, anxiety, and inconvenience of defending against a single prosecution brought in good faith is not enough to establish the 'great and immediate' threat of irreparable injury necessary to justify enjoining pending state proceedings." *Phelps I*, 59 F.3d at 1065. Instead, a plaintiff "has a heavy burden of proof in order to overcome the bar of *Younger* abstention." *Id.* at 1066. "Under *Younger*, intervention cannot be predicated on mere

allegations; rather, the federal plaintiff must *prove* bad faith or harassment before intervention is warranted." *Id.*

Under the first factor, Triplet makes several arguments to prove that his prosecution was frivolous and undertaken with no reasonable chance of success. First, he argues that the officers who arrested him violated the Fourth Amendment and Oklahoma law by arresting him for a misdemeanor offense in his home without a warrant after 10:00 p.m. [Doc. No. 13 at 3–6]. However, even assuming for the sake of argument that the officers did arrest Triplet in a manner that violated his rights, that would not impact the merits (or lack thereof) of his prosecution for child neglect and domestic abuse in the presence of a minor. These claims could provide the basis for relief in a separate civil suit, but they do not show that there was no reasonably objective hope of success in his criminal prosecution.

Triplet also argues that he cannot be convicted of abuse under 21 Okla. Stat. § 644.1 because he "has no prior convictions for domestic abuse on his record." [Doc. No. 13 at 6]. But that statute applies to persons with "a prior pattern of physical abuse," and such a pattern can be "established by the sworn testimony of a third party who was a witness to the alleged physical abuse or by other admissible direct evidence that is independent of the testimony of the victim." 21 Okla. Stat. § 644.1(A)–(B). Thus, a prosecution under § 644.1 can be successful without a prior conviction as long as there is independent evidence of a prior pattern of physical abuse.

Lastly, Triplet argues that Defendant Ninh and the district attorney listed child neglect as Count 1 of the Information and domestic abuse as Count 2 of the Information

"to make it look like Officer V. Ninh was called for a[] child neglect issue," when really "he was dispatched to a[] domestic situation." [Doc. No. 13 at 6–7]. Triplet argues that Ninh and the district attorney listed "the charges in the wrong order to cover up the warrantless home entry," and that the district attorney changed the charges from Ninh's initial incident report "to hide the officer's [perjured] statements." *Id.* at 7. Triplet also claims that the district attorney committed perjury by listing the addresses of Triplet's children as the district attorney's office to make it look like the children are in state custody when they are not. *Id.* at 8.

    These allegations do not show that the state commenced its prosecution in bad faith. The ordering of counts in an information does not necessarily indicate the sequential order in which the conduct leading to those counts occurred. Regardless, Triplet's arguments are mere allegations that do not satisfy Triplet's heavy burden in showing the frivolity of the prosecution against him.

    To prove the second prong, Triplet argues that the prosecution against him was in retaliation for his exercise of his First Amendment right to free speech. Specifically, Triplet argues that the state prosecuted him because he "requested to be shown a[] warrant" after the officers broke into his home and he "said he called News Channel 4 while officers were still downstairs." *Id.* at 9–10. Again, Triplet offers nothing but bare allegations to prove that the state of Oklahoma prosecuted him in bad faith.

    Finally, under the third prong, Triplet states that he "is facing multiple prosecutions" because the State charged him with both child neglect and domestic abuse. *Id.* at 10–11. However, these charges are two counts in the same prosecution, not

7

evidence of multiple, oppressive prosecutions.

Thus, as analyzed by the Report and Recommendation, Triplet has failed to satisfy the "heavy burden" required "to overcome the bar of *Younger* abstention." *Phelps I*, 59 F.3d at 1066. So, the Court abstains in this case. Therefore, the Court accepts the Report and Recommendation regarding abstention.

But the Court modifies the Report and Recommendation to explain what it means to abstain in these circumstances.[3] The consequences of abstention typically depend on the relief sought. When *Younger* bars equitable claims in federal court, such "claims for declaratory relief and injunctive relief are subject to outright dismissal." *Graff*, 65 F.4th at 523. "Notably, however, as to claims for money damages, the appropriate course is 'staying proceedings on the federal damages claim until the state proceeding is final.'" *Id.* (quoting *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004)). If a plaintiff's equitable claims are intertwined with legal claims that "cannot be redressed in the pending state proceedings," then the Court should stay the case rather than dismiss it. *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)).

Here, Triplet requests injunctive and declaratory relief for Claims I, II, and IV, and he seeks only injunctive relief for Claim III.[4] [Doc. No. 10 at 5–10]. In Claim V, Triplet

---

[3] The Court recognizes the Report and Recommendation recommends a stay, *see* [Doc. No. 12 at 11], but the Court modifies to explain the reasons for a stay versus dismissal and to offer additional reasons to support the Report and Recommendation's recommended denial of Triplet's motion [Doc. No. 11].

[4] For Claims IV and V, Triplet "request[s] criminal charges" and "ask[s] that arrest

"seeks $40 million dollars for the violations in all 5 claims." *Id.* at 12. Thus, Triplet seeks monetary relief as well as declaratory and injunctive relief.

Accordingly, the Court stays this case until the state criminal proceeding reaches a final conclusion (including all direct appeals). The Court will effectuate this stay through an administrative closing order. In addition, because Triplet's motion titled "Notice and/or Request to add Defendant" [Doc. No. 11] seeks only to add a defendant and does not seek to amend his allegations, the Court denies that motion at this time. Mr. Triplet may resubmit his request following the removal of the stay.

### III.   CONCLUSION

For these reasons, the Court ADOPTS the Report and Recommendation [Doc. No. 12] as MODIFIED by this Order, STAYS this action pending the final conclusion of Mr. Triplet's state-court criminal proceeding (including all direct appeals), and DENIES Triplet's Notice and/or Request to Add Defendant [Doc. No. 11]. An appropriate administrative closing order shall be entered. *Cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (district courts have inherent power to manage their dockets to achieve the orderly and expeditious disposition of cases).

IT IS SO ORDERED this 11th day of October 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

warrants be issued for these officers['] arrest." [Doc. No. 10 at 10, 12]. Triplet does not have standing to request this relief because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).