**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STEVEN MONTRAIL TRIPLET,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-659-JD** |
| | ) | |
| **VAN NINH et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Steven Montrail Triplet, a state prisoner appearing pro se, filed an amended complaint seeking relief under 42 U.S.C. § 1983. Doc. 10.[1] United States District Judge Jodi W. Dishman has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 22. Plaintiff seeks monetary compensation, injunctive and declaratory relief, and for the officers involved with his arrest to be criminally charged. Doc. 10. The undersigned recommends the Court dismiss the amended complaint.

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Apart from alterations to capitalization, quotations are verbatim unless indicated.

## I. Screening.

The Court must dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## II. Background.

Plaintiff pleaded guilty to one count of child neglect in Oklahoma County Case No. CF-2024-552, and the state court sentenced him to thirty years with all but the first ten years suspended to be served concurrently with his sentences in two other cases. *See State v. Triplet*, No. CF-2024-552, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&numb

er=CF-2024-552&cmid=4278674 (docket entry dated March 5, 2025)[2] (last visited Aug. 26, 2025). Plaintiff did not file a direct certiorari appeal of his judgment and sentence and he states to the Court that his conviction is "final." Doc. 16.

## III. Plaintiff's claims.

Plaintiff sues Midwest City Police Officers Van Ninh, Kyle Croft, Jacob Embery, and B. Fisher, as well as the City of Midwest City and the Midwest City Police Department.[3] Doc. 10, at 1, 3-4, 7.

As set forth in the undersigned's prior Report and Recommendation, Doc. 12, Plaintiff alleges that Defendants Croft and Ninh "broke into [his] apartment at 12:30 am, [while he] and [his] children were sleep." Doc 10, at 5.[4]

In Claim I, Plaintiff alleges that Defendants Croft and Ninh committed "[t]he crime(s) of burglary and/or unlawful entry and child endangerment" and

---

2 The state dismissed a charge of domestic abuse in the presence of a minor. *See id*.

3 Defendants Ninh, Croft, and Embery are sued in their individual and official capacities. Doc. 10, at 3-4. Plaintiff does not specify in which capacity he sues Defendant Fisher. *Id*. at 7.

4 The Court will not reiterate the facts here. For a complete recitation of the facts underlying Plaintiff's amended complaint, see the undersigned's previous Report and Recommendation. Doc. 12.

violated his Fourth Amendment rights when they unlawfully broke into his apartment. *Id.* at 5-6. He seeks “emergency injunctive relief against the harm . . . [he] is suffering because of . . . Officers [Croft and Ninh],” along with “declaratory judgment[] in his favor to stop the violations of [his] constitutional rights.” *Id.* at 6.

In Claim II, Plaintiff alleges Defendants Ninh, Embery, and Fisher violated his Fourth Amendment rights after they illegally broke into his home and Defendant Ninh submitted a false affidavit for a warrant that resulted in his arrest. *Id.* at 6-8. He seeks injunctive and declaratory relief to “prohibit any further violations of his federal constitutional rights.” *Id.* at 8.

In Claim III, Plaintiff alleges Defendants Embery and Ninh violated his Fourteenth Amendment rights when the “Oklahoma County District Attorney’s Office filed charges using the false affidavits.” *Id.* He seeks injunctive relief for this claim. *Id.* at 9.

In Claim IV, Plaintiff alleges Defendants Ninh and Embery violated his First Amendment rights. *Id.* He maintains that two days after his arrest, Defendant Embery submitted a false affidavit “stating he identified [his] family’s car by tag number at 11:00 p.m.” and “put [him] in jail . . . to keep him from telling the truth.” *Id.* He seeks injunctive relief “[t]o protect his family,”

declaratory relief, and requests “criminal charges” to be filed on Defendants Ninh and Croft. *Id*. at 10.

In Claim V, Plaintiff claims Defendants Croft and Ninh, as well as the Midwest City Police Department, violated his Fourteenth Amendment due process and equal protection rights by “refusing to turn valu[]able evidence over in the charges that [] [P]laintiff is currently held in custody for.” *Id.* at 11. He asks for “criminal charges” to be filed on Defendants Croft and Ninh and “that warrants be issued for [their] arrest.” *Id.*

Plaintiff also seeks $40,000,000.00 in compensatory damages for all five claims. *Id*. at 12.

**IV. *Heck v. Humphrey* bars Plaintiff's claims.**

When a state prisoner seeks damages in a § 1983 suit, “the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.” *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Similarly, if a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, *Heck* also bars this

type of relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The Court should dismiss Plaintiff's amended complaint under *Heck*.

Plaintiff predicates his first four claims on his allegations that Defendants Croft and Ninh unlawfully entered his apartment without a warrant and wrongfully arrested and charged him because of a "false affidavit." Doc. 10, at 5-10. He bases his fifth claim on allegations that the Midwest City Police Department refused to turn over favorable evidence related to his charges. *Id.* at 11. And he seeks $40,000,000.00 for his claims. *Id.*

Compensating Plaintiff for an allegedly illegal search and seizure and false arrest would certainly imply that his state court criminal conviction is invalid as the alleged misconduct by Officers Ninh and Croft is what led to the arrest warrant being issued, and his subsequent arrest and conviction. *See Esquibel v. Williamson*, 421 F. App'x 813, 817 (10th Cir. 2010) ("Based upon [the plaintiff's] own contention that [the officers'] alleged misconduct directly led to his conviction, his § 1983 claims against them are barred by *Heck* unless his conviction is set aside."); *Bryner v. Utah*, 429 F. App'x 739, 743 (10th Cir. 2011) (holding that the plaintiff's destruction of evidence claim was a "direct[] attack[] [on] the fairness of his state court proceeding" and fell "squarely under

*Heck's* bar of collateral attacks on a state court proceeding through the use of § 1983"); *see also Glaser v. City & Cnty. of Denver,* 557 F. App'x 689, 701 (10th Cir. 2014) ("To the extent Glaser alleges that defendants . . . withheld exculpatory evidence in connection with his prosecution, a judgment in his favor on these allegations would necessarily imply the invalidity of his conviction.").

Plaintiff's amended complaint is vague as to the specific form of injunctive and declaratory relief he seeks, but to the extent that it implicates the invalidity of his state court conviction, *Heck* bars this relief.[5] *Wilkinson,* 544 U.S. at 81-82 (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would

[5] Even if *Heck* did not bar them, Plaintiff's claims for declaratory and injunctive relief against Defendants are moot. Plaintiff asks the Court "to prohibit any further violations of his federal constitutional rights" by Defendants, but he has already been convicted and is currently incarcerated. *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."); *see, e.g.*, *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) ("[A] plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.").

necessarily demonstrate the invalidity of confinement or its duration."); *see also Coleman v. United States Dist. Ct. of N.M.*, 678 F. App'x 751, 754 (10th Cir. 2017) ("[*Heck*] applies regardless of whether a plaintiff seeks damages or declaratory or injunctive relief.").

The Court also cannot issue criminal charges against Defendants Croft and Ninh as "there is no constitutional right to have someone criminally prosecuted." *Folsom v. Sharp*, 2020 WL 929558, at *3 (E.D. Okla. Feb. 26, 2020).

Plaintiff's claims are not cognizable under § 1983, so the Court should dismiss the amended complaint without prejudice. *See Bryner*, 429 F. App'x at 744 ("[C]laims dismissed on *Heck v. Humphrey* grounds should be dismissed without prejudice.").

Plaintiff has already amended his complaint, and *Heck* bars his claims, so the Court should not grant leave to amend as any amendment would be futile. *See Higgins v. City of Tulsa,* 103 F. App'x 648, 652 (10th Cir. 2004) ("Because Mr. Higgins' § 1983 claim is barred by *Heck,* it is 'patently obvious' that plaintiffs could not prevail and allowing them an opportunity to amend would be futile."); *see, e.g.*, *Pierce v. Kobach*, 2024 WL 277555, at *2 (10th Cir. 2024) ("Where a complaint, as amended, would be subject to dismissal, leave

to amend need not be granted." (quoting *Mountain View Pharmacy v. Abbott Lab'ys.*, 630 F.2d 1383, 1389 (10th Cir. 1980))).

**V. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the dismissal of Plaintiff's amended complaint without prejudice.

The undersigned advises Plaintiff of his right to file an objection to this report and recommendation with the Clerk of this Court on or before September 16, 2025, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 26th day of August, 2025.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE