IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN MONTRAIL TRIPLET, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VAN NINH, individual and official ) <br> capacities as Officer #219; ) <br> KYLE CROFT, individual and official ) <br> capacities as Sergeant #88; ) <br> JACOB EMBERY, individual and official ) <br> capacities, as Midwest City Police ) <br> Officer #0002; CITY OF MIDWEST ) <br> CITY; and MIDWEST POLICE ) <br> DEPARTMENT, ) <br> ) <br> Defendants. ) | Case No. CIV-24-00659-JD |

**ORDER**

    Before the Court is a Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Suzanne Mitchell on August 26, 2025. [Doc. No. 23].

    In the R. & R., Judge Mitchell recommends that the Court dismiss this action without prejudice for Plaintiff Steven Montrail Triplet's ("Plaintiff") failure to state a claim upon which relief may be granted. [Doc. No. 23 at 6, 8–9]. Judge Mitchell advised Plaintiff of his right to object to the R. & R. by September 16, 2025, and Judge Mitchell warned that failure to timely object would waive appellate review of the findings and recommendations in the R. & R. [*Id.* at 9]. Plaintiff did not file objections to the R. & R., but Plaintiff did file a Motion to Amend Allegations and Defendants within the time period for filing objections. [*See* Doc. No. 24 at 3 (dated Sept. 15, 2025)]. The Court does

not construe the Motion to Amend Allegations and Defendants as objections to the R. & R. because Plaintiff does not state grounds therein that the Court should not adopt the R. & R. [*See id.* at 2].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Plaintiff did not object to the R. & R., and neither exception to the firm waiver rule applies. Judge Mitchell advised Plaintiff of the time period for objecting and the consequences of failing to timely object. [Doc. No. 23 at 9]. The interests of justice do not require review, as Plaintiff has not explained Plaintiff's effort to comply or Plaintiff's

2

lack of objection. Alternatively, although the Court is not required to review the record and law *de novo*, it has done so and determines that the R. & R. should be adopted in full.

Therefore, the Court ACCEPTS the Report and Recommendation [Doc. No. 23] and DISMISSES the action without prejudice.[1] Plaintiff's Motion to Amend Allegations and Defendants [Doc. No. 24] is DENIED as moot.[2] A separate judgment will follow.

IT IS SO ORDERED this 19th day of November 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] As stated in the R. & R., when the Court dismisses a claim pursuant to *Heck v. Humphrey*, the dismissal is without prejudice. 512 U.S. 477 (1994). [*See* Doc. No. 23 at 8 ("Plaintiff's claims are not cognizable under § 1983, so the Court should dismiss the amended complaint without prejudice.") (citing *Bryner v. Utah*, 429 F. App'x 739, 744 (10th Cir. 2011) (unpublished) ("[C]laims dismissed on *Heck v. Humphrey* grounds should be dismissed without prejudice."))].

[2] The R. & R. recommends denying any motion to amend as futile. [Doc. No. 23 at 8 ("Plaintiff has already amended his complaint, and *Heck* bars his claims, so the Court should not grant leave to amend as any amendment would be futile.") (citing *Pierce v. Kobach*, No. 23-3155, 2024 WL 277555, at *2 (10th Cir. Jan. 25, 2024) (unpublished))]. Plaintiff's Motion to Amend does not detail how his amended pleading would address the R. & R.'s analysis regarding *Heck*. [*See* Doc. No. 24]. Plaintiff's Motion to Amend additionally does not comply with the local rules because it fails to attach the proposed amended pleading. *See* LCvR15.1.

3